IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KELSEY RODRIGUEZ, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>CIRCUIT COURT OF WARREN )<br>COUNTY, *et al.*, )<br>      Defendants. )<br>_____) | Civil Action No. 3:25CV240 (RCY) |

## MEMORANDUM OPINION

On March 26, 2025, Plaintiff Kelsey Rodriguez ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a proposed Complaint, a Petition for Writ of Mandamus, and various motions. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1; Mandamus Pet., ECF No. 1-3; Misc. Mots., ECF Nos. 5, 7, 9. Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be **GRANTED** and the Clerk will be **DIRECTED** to file the Complaint and accompanying Petition and motions. However, for the reasons set forth below, this action will be **DISMISSED** without prejudice.

### I. BACKGROUND

Plaintiff brings this lawsuit in the wake of child custody proceedings in Warren County, Virginia. Compl. ¶¶ 1, 7–21. Those proceedings resulted in Plaintiff's child's father being awarded custody of Plaintiff's child. *Id.* Plaintiff alleges that, throughout these proceedings, Defendants—the Circuit Court of Warren County, Virginia ("Circuit Court"), the Juvenile &

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

Domestic Relations Court of Warren County, Virginia ("J&DR Court"), Judge Nancie Williams, Judge Daryl Funk, and David Silek, Esq.—violated her right to due process, in violation of 42 U.S.C. § 1983, conspired to violate her civil rights, in violation of 42 U.S.C. § 1985, committed the torts of slander, defamation, and intentional infliction of emotional distress, and committed fraud and malpractice.  *Id.* ¶¶ 22–31.  Plaintiff seeks compensatory damages, declaratory judgment, injunctive relief, and any further relief the Court deems just and proper.  *Id.* at 11–12.  Plaintiff also asks the Court "to compel the Circuit Court of Front Royal, Virginia, to comply with the Uniform Child Custody Jurisdiction and Enforcement Act (UCGEA), codified in 28 U.S.C. § 1738A and Virginia Code § 20-146.1 et seq."  Mandamus Pet. 1.

## II.  VENUE & PLEADING ISSUES

Upon review of Plaintiff's Complaint, it is apparent that venue is improper in this Court. Pursuant to 28 U.S.C. § 1391(b), the general venue statute, a civil action may be brought in:

> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).   The Eastern District of Virginia's Local Civil Rule 3(C) further provides:

> Civil actions for which venue is proper in this district shall be brought in the proper division, as well.  The venue rules stated in 28 U.S.C. § 1391 *et seq.* also shall apply to determine the proper division in which an action shall be filed.  For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq.* shall be construed as if the terms "judicial district" and "district" were replaced with the term "division."

Loc. Civ. R. 3(C).

In the present case, the Complaint indicates that the non-entity Defendants, i.e., Judge Williams, Judge Funk, and David Silek, all reside in Front Royal, Virginia. Compl. 2. The two remaining Defendants, the Circuit Court and the J&DR Court, both sit in Warren County, Virginia. Front Royal lies in Warren County, Virginia, which sits within the Harrisonburg Division of the Western District of Virginia. *See* W.D. Va. Loc. R. 2(a)(4), *available at* https://www.vawd.uscourts.gov/sites/Public/assets/File/court/local_rules.pdf. On top of this, the events Plaintiff complains of all occurred in conjunction with the underlying child custody proceedings, i.e., in Warren County. *See generally* Compl. Accordingly, the Court finds that venue is improper in this Court and instead more properly lies in the Harrisonburg Division of the Western District of Virginia.

When venue is improper, 28 U.S.C. § 1406(a) directs the Court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the Court finds that it is not "in the interest of justice" to transfer this case to another district, because the Complaint suffers from defects that require correction before the case may proceed. Specifically, Plaintiff's "Claims for Relief" is almost entirely comprised of legal arguments and conclusions. Plaintiff provides no details regarding the nature of the alleged deprivation of due process, the conspiracy between Defendants, the specific false statements made by Defendants, the intentional infliction of emotional distress, and how the actions of Judge Funk and David Silek constituted fraud and malpractice as opposed to simply legal error.[2] "Threadbare recitals of the elements of a cause of action, supported by mere

---

[2] Additionally, the Court notes that Plaintiff cannot state a claim under § 1983 against Defendant Circuit Court or Defendant J&DR Court, as neither of those institutions is a "person" for purposes of § 1983, and, therefore, neither can be a proper defendant under § 1983. *See Mazur v. Woodson*, 2001 U.S. Dist. LEXIS 23832 (E.D. Va. 2001), *aff'd* 21 F. App'x 233 (4th Cir. 2001). More generally, any "suit against a state court is barred by the Eleventh Amendment, as that amendment prohibits suit against an arm of the state as well as against the state itself." *Id.*; *see* U.S. Const. amend. XI; *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995) (collecting cases across circuits). Similarly, Judges Williams and Funk are likely immune from suit, as all of Plaintiff's allegations relate to actions taken in their judicial capacities (despite Plaintiff having sued them both "in their official and individual   (cont'd)

conclusory statements, do not suffice" to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To be sure, a plaintiff proceeding *pro se* is held to "less stringent standards" than counseled plaintiffs, and the Court must construe her claims liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court need not ignore a clear failure to allege facts that set forth a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). In short, the allegations in the Complaint are insufficient to state a claim, and therefore the interests of justice would not be served by transferring a non-viable complaint.

Because the Court does not find that the interests of justice support transfer, this action should be dismissed without prejudice, for Plaintiff to amend to the extent possible and re-file in the appropriate court.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, will be GRANTED and the Clerk will be DIRECTED to file the Complaint (ECF No. 1-1) and its accompanying Petition and Motions. However, this action will further be DISMISSED without prejudice for improper venue.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: April 30, 2025
Richmond, Virginia

---

capacities") and judges are absolutely immune from damages liability for judicial acts that are not performed in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (internal quotation marks omitted).